**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

JOEY JEFFREY,

        Petitioner,

v.                CIVIL ACTION NO.   2:26-cv-00070

ST. MARY CORRECTIONAL CENTER,

        Respondent.

**MEMORANDUM OPINION AND ORDER**

This action was referred to the Honorable Dwane L. Tinsley for submission of proposed findings and recommendation for disposition pursuant to 28 U.S.C. § 636. On March 3, 2026, Judge Tinsley submitted his Proposed Findings & Recommendation, [ECF No. 11], ("PF&R") recommending that the court **DISMISS** the petition and this civil action for lack of jurisdiction. The Petitioner filed a letter-form objection. [ECF No. 13].

A district court "shall make a de novo determination of those *portions* of the report or *specified* proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C) (emphasis added); *see* Fed. R. Civ. P. 72(b)(3). Failure to file *specific* objections pursuant to 28 U.S.C. § 636(b)(1)(C) may be construed by any reviewing court as a waiver of such objection. *Veney v. Astrue*, 539 F. Supp. 2d 841, 845 (W.D. Va. 2008); *see United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007) ("[T]o preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection."). General objections do not meet the requirements set forth in 28 U.S.C. § 636(b)(1)(C) or Rule 72(b), and,

therefore, constitute a waiver of de novo review. *See Howard's Yellow Cabs, Inc. v. United States*, 987 F. Supp. 469, 474 (W.D. N.C. 1997).

Here, the Petitioner's filed objection is not specific. Mostly, the Petitioner recites his own procedural history of conviction, appeal, and the habeas relief he sought. [ECF No. 13]. To the extent Petitioner challenges whether his Kanawha County sentences were ordered to run concurrently or consecutively, the answer is consecutive, that is, one term is completed and then the service of another term of imprisonment begins. *Jeffery v. Ames*, No. 2:19-cv-00045 (S.D. W. Va. Jan. 27, 2020) (Goodwin, J.) [ECF No. 10-25, at 19] (transcript of Petitioner's state sentencing hearing) ("Finally, since these are individual crimes, the Court runs the sentences consecutively and not concurrently. Making Mr. Jeffery only eligible for parole after serving a minimum of 24 years in prison."). *See also Id.* at [ECF No. 22] (The Magistrate Judge's PF&R on Petitioner's previous Section 2254 habeas petition) ("These sentences were ordered to run consecutively."); *Id.* at [ECF No. 27] (the court adopted the PF&R).

Additionally, to the extent Petitioner challenges whether the instant petition is a second or successive petition, I find that it is. He filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 on January 14, 2019. *Jeffery v. Ames*, No. 2:19-cv-00045, [ECF No. 2] (S.D. W. Va.). In that action Petitioner challenged his multiple state convictions, and Magistrate Judge Eiffert thoroughly considered Petitioner's Petition in an 83-page Proposed Findings and Recommendations. *Id.* at [ECF No. 22]. After overruling the Petitioner's objections, this court adopted the PF&R, denied the Petition, and granted Respondent's motion for summary judgment. *Id.* at [ECF No. 27].

Now Petitioner challenges the same state convictions through another Section 2254 habeas petition. This is a second or successive (that is, coming one after another) petition. Under 28 U.S.C.

§ 2244, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Here Petitioner has not done that, and this reason alone is sufficient to dismiss his petition.

Therefore, the court **ADOPTS** and incorporates herein the PF&R and orders judgment consistent therewith. The court **DISMISSES** the petition and this civil action for lack of jurisdiction and **DIRECTS** that this action be removed from the docket.

The court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented party.

ENTER:    May 6, 2026

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

3